******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY ROGERS *v.* COMMISSIONER
OF CORRECTION
(AC 38505)

Prescott, Beach and Bishop, Js.

*Argued March 7—officially released June 20, 2017*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Michael W. Brown*, with whom, on the brief, was
*Vishal K. Garg*, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney,
with whom, on the brief, were *Richard J. Colangelo*, *Jr.*,
state's attorney, and *Tamara Grosso*, assistant state's
attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Anthony Rogers, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court erred in concluding that (1) the state did not violate his right to due process when it withheld third-party culpability evidence from the petitioner in his criminal trial, and (2) he was not denied effective assistance of counsel. We affirm the judgment of the habeas court.

Following a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a, conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a, attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (5), and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). The underlying facts are set forth in *State* v. *Rogers*, 123 Conn. App. 848, 850–56, 3 A.3d 194, cert. denied, 299 Conn. 906, 10 A.3d 524 (2010), in which we affirmed the judgments of the trial court. In December, 2014, the petitioner filed a third amended petition for a writ of habeas corpus. On September 29, 2015, the habeas court issued a memorandum of decision denying the petition for a writ of habeas corpus. The petitioner filed a petition for certification to appeal, which the court granted. This appeal followed.

After a careful review of the record, briefs, and oral argument before this court, we are satisfied that the habeas court thoroughly addressed the arguments raised in this appeal and that it properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.

————————————